CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

June 29, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LARRY GENE HARLESS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25-cv-00890 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JOSH CUMBOW and | ) | |
| MICHELLE BOYD, | ) | By:    Hon. Thomas T. Cullen |
| | ) |        United States District Judge |
| Defendants. | ) | |

Plaintiff Larry Gene Harless, Jr., a Virginia inmate proceeding *pro se*, filed this action

under 42 U.S.C. § 1983 against Defendants Josh Cumbow and Michelle Boyd. (*See* Compl.

[ECF No. 1].) This matter is before the court on Defendants' motion to dismiss (ECF No.

17), Harless's two motions for leave to file amended complaints (ECF Nos. 22, 36),[1] and

several ancillary motions filed by the parties.[2] For the following reasons, the court will deny as

moot the second motion to amend, deny the third motion to amend, grant the motion to

dismiss, and deny as moot the ancillary motions.

## I.    BACKGROUND

This matter stems from criminal proceedings against Harless in the Washington County

Circuit Court. (*See* ECF No. 36-1 at 4–6.)[3] Cumbow, the Commonwealth's Attorney for

---

[1] Harless previously filed a motion for leave to file an amended complaint (ECF No. 12) which the court granted. (ECF No. 14). To avoid confusion, the court will refer to the pending motions for leave as the "second" and "third" motions, respectively.

[2] These motions include Defendants' motion to stay discovery (ECF No. 19) and several motions filed by Harless: a motion for mediation (ECF No. 21), a motion to introduce discovery exhibits (ECF No. 23), four motions for discovery and protective orders (ECF Nos. 31, 32, 33, 34), a motion for intervention of the United States attorney general, *see* Fed. R. Civ. P. 5.1(c) (ECF No. 35), and a motion for a jury trial (ECF No. 39.)

[3] As noted, Harless has filed two motions for leave to file an amended complaint which remain pending. Upon review, the allegations in Harless's proposed amended complaints (ECF Nos. 22-1, 36-1) largely mirror those

Washington County, and Boyd, an Assistant Commonwealth's Attorney in that office, prosecuted Harless in the criminal proceedings. (*See id.* at 3, 5–6.) Harless makes the following factual allegations in his current amended complaint and his latest proposed amended complaint, which the court accepts as true when analyzing the motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017).

Harless alleges that on February 15, 2022, Defendants "willfully sen[t] [him] to involuntary servitude (prison) without procedural due process of law [] with only a plea agreement."[4] (ECF No. 36-1 at 5–6.) Harless further claims that certain "correspondence" shows that there "was not a signed confession entered in court."[5] (*Id.* at 6.) According to Harless, Defendants' actions have caused him to experience "involuntary servitude [not as] a punishment for a crime." (*Id.* at 5–6.)

On November 24, 2025, Harless executed his complaint. (ECF No. 1 at 4). On January 22, 2026, Harless filed a motion for leave to file an amended complaint (ECF No. 12 at 2), which the court granted[6] (ECF No. 14). On February 24, 2026, Defendants filed the present motion to dismiss. (ECF No. 17.) Harless filed a response in opposition (ECF No. 24) and Defendants filed a reply (ECF No. 27), making the motion to dismiss ripe for disposition.

---

in his current amended complaint. (ECF No. 15.) But for convenience and completeness purposes, the court will refer chiefly to Harless's most recent proposed amended complaint (ECF No. 36-1) for the factual background of this case.

[4] Harless attached a copy of the plea agreement to his current amended complaint. (*See* ECF No. 15-1 at 3–5.)

[5] The court understands this "correspondence" to be a letter from the Washington County Circuit Court Clerk's Office to Harless in response to a Freedom of Information Act request he sent to that office. (*See* ECF No. 15-1 at 1–2). Harless attached a copy of the letter to his current amended complaint. (*See id.*)

[6] Harless's amended complaint (ECF No. 15) is the operative pleading.

On March 11, 2026, Harless filed a second motion for leave to file an amended complaint and attached a copy of his second proposed amended complaint. (ECF No. 22.) On April 22, 2026, Harless filed a *third* motion for leave to file an amended complaint and a third proposed amended complaint. (ECF No. 36.) Defendants have filed responses in opposition to the motions for leave (ECF Nos. 26, 38), Harless did not file any replies, and the motions for leave are also ripe for disposition.[7]

## II.    STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "'naked assertion[s]' devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). At bottom, the court "must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023).

---

[7] Harless's two proposed amended complaints are nearly identical. (*See* ECF Nos. 22-1, 36-1.) Because Harless appears to have intended his third motion to amend to supersede his second, the court will deny as moot the second motion to amend. *See Thomas v. Utah Transit Auth. Police Dep't*, No. 2:24-cv-00736, 2025 WL 2912558, at *3 (D. Utah Oct. 14, 2025) (denying as moot *pro se* plaintiff's third motion to amend where the plaintiff "filed a fourth motion to amend which supersedes it.")

Pleadings filed by *pro se* litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### III.   ANALYSIS

For organizational purposes, the court will address Harless's third motion to amend before addressing Defendants' motion to dismiss.

### A. Motion to Amend

The Federal Rules of Civil Procedure require courts to "freely give leave [to amend a party's pleadings] when justice so requires," Fed. R. Civ. P. 15(a)(2), and the Fourth Circuit has instructed district courts "to liberally allow amendment," *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2020). But leave to amend is properly denied if "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012) (per curiam) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). A proposed amendment is futile if it "is clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510, or "if the claim it presents would not survive a motion to dismiss," *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019).

Defendants argue that Harless's third motion to amend should be denied because it is futile. (ECF No. 38 at 2.) In support, Defendants first argue that they are protected by prosecutorial immunity from Harless's claims. (*Id.* at 3.) Defendants also argue that Harless's claims are time-barred under the applicable statute of limitations. (*Id.*) Finally, Defendants

argue that Harless's third proposed amended complaint "is a jumble of conclusory allegations lacking sufficient factual allegations as [to] either Defendants['] actual personal involvement in the alleged deprivation of Harless's constitutional rights." (*Id.*). Because the court agrees with Defendants' second and third arguments, it need not—and will not—address Defendants' first argument.

1. Statute of Limitations

Generally, a statute of limitations argument is an affirmative defense not properly raised in a motion to dismiss under Rule 12(b)(6). *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). But "if all facts necessary to the affirmative defense clearly appear on the face of the complaint," then a court may address the affirmative defense at the 12(b)(6) stage. *Id.* (internal quotation marks and emphasis omitted). In this case, the facts necessary to address the defense are contained on the face of Harless's third proposed amended complaint.

Harless is pursuing his claims under 42 U.S.C. § 1983, a statute that permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his rights under the Constitution or laws of the United States.[8] *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). There is no federal statute of limitations applicable in § 1983 actions. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985). Accordingly, § 1983 actions are governed by the state statute of limitations for general personal injury cases in the state where the alleged violations occur. *Owens v. Okure*, 488 U.S. 235, 239–41 (1989). Virginia has a two-year statute of limitations for general personal injury claims. Va. Code § 8.01-243(a). Therefore, a plaintiff

---

[8] Harless does not appear to assert any state law claims against Defendants. (*See* ECF No 36-1).

bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his action accrues. *Id.*

The time of accrual of a cause of action under § 1983 is governed by federal law. *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir.1995)(en banc). In *Nasim*, the Fourth Circuit held that a cause of action under § 1983 accrues and the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id.* An inmate's § 1983 action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991). Accordingly, in § 1983 cases arising in Virginia, if an inmate has not delivered his complaint to prison officials for mailing within the two-year period following the time when he knew or had reason to know of his alleged injury, that inmate is barred by the Virginia statute of limitations from bringing suit.

Harless claims that the events at issue occurred on February 15, 2022 (*see* ECF No. 36-1 at 4), and he does not claim that he was unaware of Defendants' alleged actions on that date. Therefore, as Harless had sufficient facts about the harm allegedly done to him, the statute of limitations began running on February 15, 2022. But Harless waited until November 24, 2025 (*see* ECF No. 1 at 4)—or over three years later—to initiate this action. And Harless does not argue that he is entitled to any equitable tolling of the limitations period. Thus, under § 8.01-243(a), Harless's claims are time barred.

In his response, Harless argues that the statute of limitations has not yet run because he is subject to "ongoing punishment" due to Defendants' actions. (ECF No. 24 at 2.) And in his third proposed amended complaint, Harless references the two-year period of supervised

- 6 -

probation specified under the plea agreement (*see* ECF No. 15-1 at 4) and states that, because he has yet to be released on probation, the "statute of limitations hasn't run its course." (ECF No. 36-1 at 6.) But these circumstances are beside the point. The events on which Harless bases his claims (*i.e.*, Defendants allegedly "sending [him] to involuntary servitude (prison)" without due process and in the absence of a "signed confession entered in court") (*see* ECF No. 36-1 at 5–6) allegedly took place on February 15, 2022. (*See id.* at 4.) And Harless may not "salvage his stale claims by referencing the ongoing effects of [Defendants'] actions." *Whitten v. Franks*, No. 7:25-cv-00756, 2026 WL 736458, at *2 (W.D. Va. Mar. 16, 2026). Instead, his "continuing violation theory only extends limitations periods when the violative acts *themselves are ongoing* as opposed to the *lingering effects* of a claimed violation." *Id.* (citing *Alderman v. Patrick Cnty.*, No. 4:19-cv-00002, 2019 WL 4345376, at *3 (W.D. Va. Sept. 12, 2019)) (emphasis added). Therefore, the limitations period on Harless's claims began running on February 15, 2022, and has since expired.

For these reasons, the court concludes that Harless's claims as raised in his third proposed amended complaint are time-barred.

2. Personal Involvement

To state a claim under § 1983, a plaintiff must allege a personal connection between each defendant's actions and the denial of his constitutional rights. *See Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001); *see also Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) ("[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." (cleaned up)). A plaintiff may not "rely on bare allegations relating to the conduct of all defendants to hold a defendant liable[,] but must identify specific acts or conduct taken by each defendant to state a claim." *Intercollegiate*

*Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., Inc.*, 505 F. Supp. 3d 570, 582 (M.D.N.C. 2020) (cleaned up).

In his third proposed amended complaint, Harless proffers allegations against Defendants as a group, such as by citing alleged "intentional misconduct of the Defendants" and claiming that "Defendants [were acting] under color of state law." (ECF No. 36-1 at 5–6.) And although Harless claims that Defendants "willfully sen[t] [him] to involuntary servitude (prison)" without due process, he does not describe any specific conduct of either Defendant that allegedly violated his rights. (*See id.*). At bottom, Harless's undifferentiated allegations against Defendants are insufficient to state a § 1983 claim. *See Iqbal*, 556 U.S. at 676 ("[In bringing a § 1983 action], a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.")

For these reasons, the court concludes that Harless's third proposed amended complaint fails to adequately show each Defendants' personal involvement in his alleged constitutional injuries. Having also determined that the claims Harless raises therein are time barred, the court concludes that amendment would be futile. Harless's third motion to amend will therefore be denied.

### B. Motions to Dismiss

Having determined that Harless's third motion to amend will be denied as futile, the court now turns to Defendants' motion to dismiss. (ECF No. 17.) Upon review, Harless's amended complaint raises substantially identical claims as his third proposed amended complaint (*see* ECF Nos. 1, 46-1), which the court determines are time barred and fail to show each Defendants' personal involvement in Harless's alleged constitutional injuries. Accordingly, for the reasons stated above, the court will grant Defendants' motion to dismiss

and dismiss Harless's claims in their entirety.[9] As the court will dismiss Harless's claims, it will also deny as moot the parties' remaining motions.

## IV.   CONCLUSION

For the reasons stated above, the court will deny as moot Harless's second motion for leave, deny Harless's third motion for leave, grant Defendants' motion to dismiss, dismiss Harless's claims in their entirety, deny as moot the parties' remaining motions, and close this case.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 29th day of June, 2026.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[9] In addition to the grounds addressed above, Defendants argue that Harless's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 18 at 7–8.) But having concluded that the motion to dismiss will be granted on other grounds, the court need not address Defendants' separate *Heck* argument.